**STEPHANIE WENK, Plaintiff**
**v.**
**CUTHWIN L. WEBSTER and**
**ALFRED B. RICHARDSON,**
jointly and severally, Defendants

## Civil No. 707-1971

## Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

## November 8, 1971

## HOFFMAN, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

The facts in this case are largely undisputed. The transaction which forms the basis of the plaintiff's complaint is evidenced for the most part by two written instruments. The first is a contract of sale which was executed by the plaintiff as purchaser and the defendant as seller of one "Strahan Mobile Home 12x60" on May 11, 1971. The second is a lease agreement executed on May 24, 1971 by which the plaintiff as sublessee subleased from the defendant-sublessor "One Trailer Lot, 14-F Estate Thomas, No. 6-E New Quarter, St. Thomas, V.I." for a five year period commencing on May 24, 1971. The plaintiff further alleges that the defendant guaranteed and assured her that she could have her trailer on the specific lot leased to her and that she paid the defendant $7,300 for the trailer on May 25, 1971. The defendant admits that he has been unable to deliver the trailer to the lot in question due to the existence of certain restrictive covenants on the property. The defendant paid the plaintiff one month's rent due to the fact that she was unable to move into her trailer and was forced to remain at her present address. The defendant has paid no further rental but has offered to provide her with substitute lots in other undisclosed areas of St. Thomas. The plaintiff has refused these offers and desires a return of the purchase price.

■■ The defendant admits liability for breach of the lease agreement, but claims that the measure of damages in such a case is for the plaintiff's "out of pocket" expenses. The defendant argues that the two instruments, the lease and the contract, are separate and distinct and that a breach of the lease has no effect on the status of the contract which it claims it has fully performed. The Court must disagree. It is a settled principle of the law of con-

36

tracts that where several instruments executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other. 17 C.J.S., Contracts, § 298. It is the Court's conclusion that the contract of sale, the oral guarantees contemporaneous with it and subsequent to it, and the lease form one complete transaction. The general rule which prohibits oral modifications of a written contract does not apply when the contract, as modified has been acted on and fully performed or executed by one of the parties, 37 C.J.S., Frauds, Statute of, § 232; or when the facts give rise to an equitable estoppel against the party who denies oral modification. A. Sidney Davidson Coal Co. v. Weston, Dodson & Co., 205 N.Y.S. 49; 37 C.J.S., Frauds, Statute of, § 246.

The plaintiff has termed this cause of action an action for debt. More precisely the action is one for rescission. It is the duty of the Court, however, to grant the relief to which a party is entitled irrespective of the prayer for relief set forth in the pleadings. Rule 54(c), Fed. R. Civ. P.; see also: Olsen & Ellis v. Mee (D.C.V.I. Civil No. 353-1970, decided August 10, 1971); 6 Moore's Federal Practice, Paragraph 54.62. The plaintiff has paid in full $7,300.00 for a trailer which the defendant agreed to place on the lot he leased to her; the defendant has failed to perform under this agreement. Since the trailer is still in the possession of the defendant there is no need for the plaintiff to make a return. Under the circumstances it is the Court's conclusion that the contract be rescinded and the plaintiff's purchase price be returned to her. The Court disallows any demand by plaintiff for accrued rentals.

The foregoing discussion shall constitute Findings of Fact and Conclusions of Law.

Let Judgment be entered accordingly in favor of the

Plaintiff for $7,300.00 plus $7.00 Costs and Attorney Fees of $500.00.

Execution is stayed for ten days.